IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00604-BNB

MICHAEL WAYNE BINGHAM, CDOC # 111108,

Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director, CDOC,
WARDEN TIMME, FCF,
LT. KOCHEVER,
LT. TAPPI,
LT. DIRECTO,
SGT. MARTIN,
SGT. STOGHILL, and
JIM MOORE, CDO, HQ Offender Services, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 13 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff, Michael Wayne Bingham, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility. Mr. Bingham, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages.

The Court must construe the Complaint liberally because Mr. Bingham is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Bingham will be ordered to file an Amended Prisoner Complaint, name only proper parties to the action, and assert personal participation by the properly named parties.

The Court has reviewed the Complaint and finds that it is deficient. First, Mr. Bingham lists names of individuals in Section "A. Parties" who are not named in the caption on Page One or in the text of the Complaint. Mr. Bingham may not use "et al." in the caption in place of named defendants, and he must list the same parties in Section A. that he lists in the caption of the Complaint.[1]

Second, to the extent Mr. Bingham intends to name CDOC Medical and CDOC Mental Health as defendants, even though he only lists the two departments in Section A., they are not "persons" for purposes of 42 U.S.C. § 1983. Mr. Bingham must name the individuals in the CDOC medical and mental health departments who are responsible for allegedly violating his constitutional rights.

Third, Mr. Bingham must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Bingham must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

---

[1] Although in the order commencing the action the Court identified in the caption all the individuals that Mr. Bingham listed in Section A of the Complaint form, the individuals are not properly identified as named defendants in the original Complaint and must be listed on the caption page in the Amended Complaint.

Mr. Bingham, therefore, will be directed to file an Amended Prisoner Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violation. In order for Mr. Bingham to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Bingham also should note that he may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Bingham uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Bingham file **within thirty days from the date of this Order** an Amended Prisoner Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Bingham, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Bingham fails to file an Amended Prisoner Complaint within the time allowed the action will be dismissed without further notice.

DATED April 13, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00604-BNB

Michael Wayne Bingham
Prisoner No. 111108
Sterling Correctional Facility
PO Box 6000 - Unit 4-B-308
Sterling, CO 80751

  I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/13/10

           GREGORY C. LANGHAM, CLERK

           By: _____
               Deputy Clerk