IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 10 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00604-BNB

MICHAEL BINGHAM,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director, CDOC,
WARDEN TIMME, FCF,
LT. KOCHEVER,
LT. TAPPI,
LT. DIRECTO,
SGT. MARTIN,
SGT. STOGHILL, and
JIM MOORE, CDO, HQ Offender Services, et al.,

    Defendants.

## ORDER

The matter is before the Court on Plaintiff Michael Bingham's request for injunctive relief, including a temporary restraining order and preliminary injunction, as set forth in Document Nos. 7 and 13. The Court must construe the request liberally because Mr. Bingham is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the request, Mr. Bingham asks that while this action is pending the Court order Defendants to (1) refrain from enforcing the loss of good time and earned time credits; (2) move him either to the Sterling Correctional Facility, east side, or to the Fort Lyons Correctional Facility; (3) refrain from enforcing unconstitutionally vague disciplinary rules and to stay his reclassification; (4) return him to the status he was in prior to the

assault and write-up; (5) continue his education through the Voc-ed and his work in Correctional Industries; and (6) not force him to work in either a kitchen, laundry, or maintenance. Mr. Bingham further asserts that he has "known enemies," and Defendants are aware that he is not to be placed where those enemies would be able to contact him.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Mr. Bingham fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Mr. Bingham's claim that he has "known enemies" is vague and conclusory. Furthermore, the fact that crucial testimony was not given at his disciplinary proceeding regarding an attack by another inmate is insufficient to support the granting of his request for injunctive relief. Finally, Mr. Bingham's claim that he will suffer "more than the prison officials, by the further use of the . . . Rules, Regulations, and Procedures in the future which will ultimately cause the immediate death of an inmate or staff member or serious injury" fails to set forth specific factual allegations that he will be subject to immediate and irreparable harm.

2

In addition, most of the requested injunctive relief does not concern Mr. Bingham's claim of immediate and irreparable harm but concerns instead the relief he may be granted if he prevails in this case. Accordingly, it is

ORDERED that Mr. Bingham's request for injunctive relief, as set forth in Document Nos. 7 and 13, is denied.

DATED at Denver, Colorado, this __10th__ day of __May__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO,
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00604-BNB

Michael Wayne Bingham
Prisoner No. 111108
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/10/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk