IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00604-DME-CBS

MICHAEL WAYNE BINGHAM,
        Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director, CDOC,
WARDEN TIMME,
LT. KOCHEVER,
LT. DIRECTO,
SGT. MARTIN,
SGT. STOGHILL,
JIM MOORE,
WARDEN MILYARD,
C/O CLINTON AULTMAN, and
JANEEN LANE, LPC,
        Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Plaintiff Mr. Bingham's: (1) "Motion

Requesting to Leave Complaint as is in the Second Amended Complaint" (filed August

30, 2010) (doc. # 67); (2) "Motion to Deny Enlargement of Time and Grant Default

Judgment" (filed September 7, 2020) (doc. # 71); and (3) "Motion for Status" (filed

November 2, 2010) (doc. # 78).  Pursuant to the Order of Reference dated November

10, 2010 (doc. # 79) and the memorandum dated November 10, 2010 (doc. # 80),

these matters were referred to the Magistrate Judge.  The court has reviewed the

Motions, the entire case file, and the applicable law and is sufficiently advised in the

premises.

1

First, the court will grant Mr. Bingham's "Motion Requesting to Leave Complaint as is in the Second Amended Complaint."  This case shall proceed on the Second Amended Complaint filed on June 11, 2010 (doc. # 36), as amended by the court's July 7, 2010 Order to Dismiss in Part and to Draw in Part (doc. # 41), whereby Defendants Tappi, Braden, Espinoza, Gonzales, Lucero, and Robinson were dismissed.

Second, the court will deny Motion to Deny Enlargement of Time and Grant Default Judgment.  Defendant Moore is not in default.  Defendant Moore was personally served by the U.S. Marshal  because he has retired and no longer works for the Colorado Department of Corrections, not for purposes of delay.  Further, even after a default, " 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994) (quoting 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2688, at 447-48 (2d ed. 1983); *Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C.1986).  Mr. Bingham has not demonstrated any basis for default judgment against Defendant Moore.

Third, the court will grant Mr. Bingham's "Motion for Status" in part and deny in part as unnecessary and premature.  As to the status of his payments schedule, the court's records reflect that Mr. Bingham has so far paid $47.00 of the $350.00 filing fee.

As to Mr. Bingham's requests regarding "Production of Documents," "First Set of Interrogatories to Defendants." and "Motion for an Order Compelling Discovery," he seeks information that will be encompassed by the discovery process at a later stage of

2

the case.  By a separate order, the court will set a preliminary scheduling conference at which it will discuss these issues with Mr. Bingham and defense counsel.

As to Mr. Bingham's request for "Appointment of Counsel," indigent civil litigants have no constitutional or statutory right to be represented by a lawyer.  *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case").  However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel."  *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights."  *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  "The burden is on the applicant to convince the court that

3

there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

As a *pro se* litigant, Mr. Bingham is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Mr. Bingham has thus far adequately presented his claims unaided by counsel.  Mr. Bingham has not presented and the court does not find an adequate basis to request counsel to volunteer to represent Mr. Bingham.

Accordingly, IT IS ORDERED that:

1.      "Motion Requesting to Leave Complaint as is in the Second Amended Complaint" (filed August 30, 2010) (doc. # 67) is GRANTED.  This action shall proceed on the Second Amended Complaint filed on June 11, 2010 (doc. # 36), as amended by the court's July 7, 2010 Order to Dismiss in Part and to Draw in Part (doc. # 41), whereby Defendants Tappi, Braden, Espinoza, Gonzales, Lucero, and Robinson were dismissed.

2.      "Motion to Deny Enlargement of Time and Grant Default Judgment" (filed September 7, 2020) (doc. # 71) is DENIED.

3.      "Motion for Status" (filed November 2, 2010) (doc. # 78) is GRANTED IN PART as to the status of Mr. Bingham's filing fee payments as stated in this Order and DENIED IN PART in all other respects.

4

DATED at Denver, Colorado, this 12th day of November, 2010.

BY THE COURT:


   s/Craig B. Shaffer        
United States Magistrate Judge