IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00604-DME-CBS

MICHAEL WAYNE BINGHAM,
        Plaintiff,
v.

ARISTEDES ZAVARAS,
WARDEN TIMME,
LT. KOCHEV[A]R,
LT. DIRECTO,
SGT. MARTIN,
SGT. STOGHILL,
JIM MOORE,
WARDEN MILYARD,
C/O CLINTON AULTMAN, and
JANEEN LANE,
        Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on the "Motion to Dismiss" filed by

Defendants Zavaras, Timme, Directo, Moore, Milyard, and Lane on September 17, 2010

(Doc. # 76).[1]  Pursuant to the Order of Reference dated November 10, 2010 (Doc. # 79)

and the memorandum dated November 12, 2010 (Doc. # 80), this matter was referred to

the Magistrate Judge.  The court has reviewed the Motion, the minutes of the hearing held

on December 20, 2010, Mr. Bingham's Response (filed January 7, 2011) (Doc. # 90), the

pleadings, the entire case file, and the applicable law and is sufficiently advised in the

premises.

I.      Statement of the Case

        Plaintiff Mr. Bingham is currently incarcerated at the Sterling Correctional Facility

---

[1]     Defendants Kochevar, Stodghill, Martin, and Aultman have filed an Answer to the
Second Amended Complaint (*See* Doc. # 75).

("SCF") of the Colorado Department of Corrections ("CDOC") in Sterling, Colorado. Proceeding *pro se*, Mr. Bingham brings this civil action pursuant to Title 42 U.S.C. § 1983. (*See* Second Amended Complaint ("SAC") (Doc. # 36) at p. 1 of 19).   At the court's direction, Mr. Bingham filed his SAC on June 11, 2011.  (*See* "Order Directing Plaintiff to File Amended Prisoner Complaint" (Doc. # 19);  Minute Order (Doc. # 29);  Minute Order (Doc. # 32)).

Mr. Bingham alleges three claims.  (*See* "Order to Dismiss in Part and to Draw in Part" (Doc. # 41).  Mr. Bingham's allegations arise from events that occurred in September and October of 2009, while he was incarcerated at the Fremont Correctional Facility ("FCF") of CDOC.  In "Count One," Mr. Bingham alleges "Breach of Duty to Protect" against Defendants Martin, Stoghill, Kochevar, Directo, and Timme, based upon "deliberate indifference to plaintiff's health and safety by failing to protect him from a prison attack . . . ."  (*See* Doc. # 36 at p. 10 of 19).  Mr. Bingham alleges that in mid to late September 2009, he met with Defendant Martin "and informed him" of "Assaults, Extortion, & Threats by the 211 gang."  (*See* Doc. # 36 at p. 8 of 19).  Mr. Bingham alleges that on October 4, 2009, "inmate Brasher assaulted" him.  (*See id.*).  Mr. Bingham also brings Count One against Defendant Aultman for "spraying of OC to plaintiff's eyes" while subduing the altercation between inmate Brasher and Mr. Bingham.  (*See id.* at ¶ 41).  In "Count Two," Mr. Bingham alleges "Failure to Administer Adequate Medical Remedy" against Defendant Lane for refus[ing] to provide adequate care for plaintiff."  (*See* Doc. # 36 at ¶ 43).[2]  In "Count Three," Mr. Bingham alleges that Defendants Zavaras, Moore, and Milyard retaliated against him for filing grievances and for the filing of this action.  As relief, Mr. Bingham seeks compensatory damages, injunctive relief, declaratory relief, attorneys' fees and costs.  (*See id.* at p. 13 of 15).

---

[2]   Defendant Robinson, who is also named in Count Two, was dismissed from this action.  (*See* Doc. # 41 at pp. 3-4 of 5).

II.    Standard of Review

Defendants move to dismiss the SAC for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).   Defendants' assertion of Eleventh Amendment immunity constitutes a challenge to the allegations of subject matter in the Complaint.  Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).   The determination of subject matter jurisdiction is a threshold question of law.  *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

Because Mr. Bingham appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California*

3

*State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.    Analysis

Section 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution."  42 U.S.C. § 1983.  "To state a claim for relief in an action brought under § 1983," Mr. Bingham must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

A.      Liability of Defendants in their Official Capacities

Mr. Bingham sues all Defendants in both their individual and official capacities. (*See* Doc. # 36 at pp. 2-8 of 19).  To the extent that Mr. Bingham is suing Defendants in their official capacities, he is actually attempting to impose liability on their employer, the CDOC.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state).  The CDOC is considered an agency of the State of Colorado.  *See* Colo. Rev. Stat. § 24-1-128.5.  The Eleventh Amendment provides immunity for state governmental entities sued in federal court for monetary damages under § 1983.  *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted).  The Eleventh Amendment confers total immunity from suit,

4

not merely a defense to liability.  *Ambus*, 995 F.2d at 994 (citation omitted).  Further, states and state officials sued in their official capacities are not "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  To the extent that Mr. Bingham seeks monetary damages from Defendants in their official capacities pursuant to § 1983, such claim is properly dismissed with prejudice.

In addition to monetary damages, Mr. Bingham seeks relief in the nature of injunctive relief "that the disciplinary charge be removed from the plaintiffs official CDOC record," that 'All' good/earn time be fully restored," that "CDOC put 'all' of the plaintiffs' custody issues i.e. . . . . inmates on DCIS," and that CDOC place plaintiff either on SCF East Side or Fort Lyons ."  (*See* Doc. # 36 at p. 13 of 19).  Actions in federal court seeking injunctive relief against state officials are not always barred by the Eleventh Amendment.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official).  *See also Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Graham*, 473 U.S. at 167 n. 14).

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities.  *Kentucky v. Graham*, 473 U.S. 159, 164 (1985).  To the extent that Mr. Bingham is suing Defendants in their individual capacities, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law.  *Graham*, 473 U.S. at 165-67.  The court proceeds to evaluate whether Mr. Bingham has stated a plausible claim against Defendants in their official capacities for injunctive relief or in their individual capacities.

B.      Liability of Defendants in their Individual Capacities

To the extent that Mr. Bingham is suing Defendants in their individual capacities, individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.  *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted);  *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted);  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (citation omitted).  *See also Serna*, 455 F.3d at 1151-52 ("There is no concept of strict supervisor liability under § 1983.");  *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1290 (D. Colo. 2009) ("*respondeat superior* is not within the purview of § 1983").  "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."  *Serna*, 455 F.3d at 1151-52.   "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at 1948.   There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise.  *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006).  *See also Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Defendants Zavaras, Timme, Directo, Moore, and Milyard argue that Mr. Bingham's claims against them must be dismissed for failure to allege the requisite personal

participation.

1.      Lack of Personal Participation and Failure to State a Claim for Relief

        a.      Defendants Zavaras and Milyard

Mr. Bingham alleges that Defendant Zavaras "is the Executive Director of CDOC who is the highest command CDOC employee, . . . (*See* Doc. # 36 at p. 2 of 19, ¶ 4). Mr. Bingham alleges that because "Zavaras' name appears in both the front and back of the CDOC-COPD Handbook," therefore Defendant Zavaras "is responsible for the policies, procedures, training, and proper conduct of [h]is subordinates." (*Id.*) Mr. Bingham alleges that Mr. Zavaras created policies under the Code of Penal Discipline (COPD) "that violated the Plaintiff's constitutional rights. . . ." (*See id.*). Mr. Bingham alleges that Defendant Zavaras "placed Plaintiff on the diesel tour," transferring him to three facilities within the CDOC on unspecified dates. (*Id.* at p. 11 of 19, ¶ 44).

Mr. Bingham's allegations against Defendant Zavaras are based on nothing more than his supervisory capacity and amount to no more than *respondeat superior* liability. Mr. Bingham attempts to hold Defendant Zavaras liable merely as "the highest command CDOC employee." (*See* Response to Defendant[s'] Motion to Dismiss (Doc. # 90) at p. 1 of 5 (Defendant Zavaras' "duty . . . is in part . . ."Manage, Supervise, and Control"). Mr. Bingham has not alleged that Defendant Zavaras had any specific knowledge of his circumstances. Mr. Bingham's allegations do not support a claim that  Defendant Zavaras had any direct involvement in, personal participation in, or direct supervisory liability for the alleged violations.

Mr. Bingham alleges that Defendant Milyard "is the Warden at SCF" and "ignored a standing order NOT to accept Plaintiff to SCF." (*See* Doc. # 36 at p. 6 of 19, ¶ 16). Mr. Bingham alleges that Defendant Milyard "signed off placing the plaintiff in RFP [Removal From Population] for 15 days for no other reason but retaliation to try and stop plaintiff's

lawsuit." (*See id.*).  Mr. Bingham's allegations against Defendant Milyard are based merely on his supervisory capacity and amount to no more than *respondeat superior* liability.  Mr. Bingham has not alleged that Defendant Milyard had any specific knowledge of his circumstances.  The allegation that Defendant Milyard "signed off" on Mr. Bingham's placement indicates that he did no more than review a decision of a subordinate.  Mr. Bingham's allegations against Defendant Milyard are not sufficient to support personal participation in the alleged violation.

Mr. Bingham has failed to allege through specific factual allegations how Defendants Zavaras or Milyard by their own actions violated his constitutional rights. *See Iqbal*, 129 S. Ct. at 1948.  Mr. Bingham's failure to allege the requisite personal participation leaves no basis for holding Defendants Zavaras or Milyard individually liable under § 1983.  Mr. Bingham's claims against Defendants Zavaras and Milyard in their individual capacities are properly dismissed from this action.

> b.    Defendants Timme, Directo, and Moore

Mr. Bingham alleges that Defendant Timme "is the highest command CDOC employee at FCF."  (*See* Doc. # 36 at p. 2 of 19, ¶ 45).  Mr. Bingham alleges that Defendant Timme "is the official in charge of the day to day operations at FCF" and [a]s the Supervisor was 'grossly negligent' in that she did not adequately supervise the subordinates who violated the plaintiff [sic] rights."  (*See id.*).  Mr. Bingham alleges that Defendant Timme "exercised deliberate indifference to plaintiff's health and safety by f[ai]ling to acknowle[dge] the plaintiff's repeated plea's [sic] via kite and mail . . . ."  (*Id.* at p. 11 of 19, ¶ 40).

Mr. Bingham's allegations against Defendant Timme are based merely on her failure to adequately supervise and amount to no more than *respondeat superior* liability.  Mr. Bingham attempts to hold Defendant Timme liable as "the highest command CDOC

employee at FCF." Mr. Bingham has not alleged that Defendant Timme had any specific knowledge of his circumstances. Mr. Bingham's allegations regarding kites and mail do not provide adequate factual grounds that Defendant Timme was personally involved in the violations alleged. By receiving a kite or mail, Defendant Timme could not have participated in the alleged conduct that occurred before the kite or mail was submitted. Mr. Bingham does not sufficiently allege personal participation by Defendant Timme.

The court further concludes that Mr. Bingham also fails to state a claim upon which relief can be granted against Defendant Timme. To the extent that Mr. Baird attempts to hold Defendant Timme liable on the basis that he sent her kites and mail, without an allegation or evidence of direct conduct in the alleged violations, she cannot be held liable for an alleged constitutional violation. *See, e.g., Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.") (citations omitted); *Johnson v. G.E.O./Lawton Correctional Facility*, 2005 WL 2739212 (W.D. Okla. 2005) (holding that plaintiff failed to state a claim for relief based upon a defendant's participation in the processing of a grievance; pro se plaintiff had not demonstrated the required "affirmative link" between the defendant and the underlying constitutional violation).[3]

Mr. Bingham bases his claims against Defendant Timme on negligent conduct. Liability under § 1983 may not be predicated on negligence. *See Daniels v. Williams*, 474 U.S. 327, 330-32, 106 S. Ct. 662 (1986) (allegations of mere negligence are not cognizable in any § 1983 claim, regardless of the theory or clause of the Constitution used to justify the complaint); *Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). Defendant Timme is properly dismissed from this civil action based on Mr. Bingham's failure to allege

---

[3]   Copies of unpublished decisions cited are attached to this Recommendation.

her personal participation and failure to state a claim against her.

Defendant Directo argues that Mr. Bingham's claims against him must be dismissed for failure to allege the requisite personal participation. Mr. Bingham's only allegations concerning Defendant Directo relate to an alleged conversation that Defendant Directo had with Sergeant Martin soon after Mr. Bingham had spoken with Sergeant Martin. (See Doc. # 36 at p. 3 of 19, ¶ 8). Mr. Bingham alleges that Defendant Directo was "personally involved as a supervisor" and "acted in a grossly negligent way in supervision [of] subordinates who continued in committing wrongful acts." (*See id.*). Mr. Bingham alleges that Defendant Directo "exercised deliberate indifference to plaintiff's health and safety by refusing to take any action once he was informed to the great threat to the plaintiff but merely acknowledged the threat and decided to take a wait and see approach." (*Id.* at p. 10 of 19, ¶ 39). The court concludes that Mr. Bingham fails to allege the requisite personal participation of Defendant Directo and fails to state a plausible claim for relief against Defendant Directo.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. Amend. VIII. Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. at 319. "Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Where an Eighth Amendment claim is based upon conditions of confinement, an inmate must satisfy a two-prong test that (1) the deprivation suffered was "objectively 'sufficiently serious,'" and (2) the defendant had a "sufficiently culpable state of mind" or was "deliberately indifferent" to the inmate's health or safety. *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501

U.S. 294, 302-303 (1991).

The objective component of the Eighth Amendment test requires Mr. Bingham to show that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  This includes "official conduct that is sure or very likely to cause serious injury at the hands of other inmates." *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (internal quotation marks and citation omitted).

The subjective component of the Eighth Amendment test requires Mr. Bingham to show that Defendants had the culpable state of mind known as "deliberate indifference." *Farmer*, 511 U.S. at 834.  Deliberate indifference requires a higher degree of fault than negligence or even gross negligence.  *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted).   An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights."  *Berry*, 900 F.2d at 1496.  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.  *See also Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997).  "To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm."  *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks and citation omitted).

Mr. Bingham alleges that "[a]pproximately 2 weeks prior to 10/4/09 Plaintiff . . . met with [Defendant] Martin and informed him of exactly what was going on in cell house 2. Assaults, Extortion, & Threats by the 211 gang." (*See* Doc. # 36 at p. 8 of 19 ¶ 22).  Mr. Bingham alleges that Defendant Directo "met with Sgt. Martin on the problem in cell house two (2) with the gang problem, extortion, threats, and assaults." (*See id.* at p. 3 of 19 ¶ 8). Mr. Bingham alleges no action by Defendant Directo other than his status as a supervisor.

Mr. Bingham alleges general conditions in the cell house but alleges no facts that he was subject to a specific threat of harm or that Defendant Directo knew of any specific risk and disregarded it.   Mr. Bingham's subjective fear of a general threat to his safety fails to sufficiently allege an excessive risk to his safety that Defendant Directo disregarded.   *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996) (allegations that Plaintiff is constantly in fear of his life by physical assaults from other inmates who may discover his crime as a sex offense at any time fail to state an Eighth Amendment claim for alleged failure to protect the plaintiffs' safety); *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) ("[h]owever legitimate [the plaintiff prisoner's] fears may have been, . . . it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment").   Mr. Bingham's allegations are insufficient to state a claim that Defendant Directo knew of an objectively serious risk of harm to him and acted with deliberate indifference to that risk of harm.

In addition to the objective and subjective elements, a plaintiff must produce evidence of serious or significant injury resulting from the challenged cruel and unusual prison conditions.   *See Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993) (when a plaintiff fails to allege that he sustained an injury requiring medical treatment his claim must be dismissed).   At the time that Mr. Bingham alleges Defendant Martin met with Defendant Directo regarding "the problem in cell house two (2) with the gang problem, extortion, threats, and assaults," Mr. Bingham had not sustained any injury.   The Eighth Amendment reaches conduct that "is sure or very likely to cause serious injury at the hands of other inmates."   *Benefield*, 241 F.3d at 1272 (internal quotation marks and citation omitted).   *See also McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.");   *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (The mere threat of future bodily harm to a prisoner may not provide a basis for a

cognizable Eighth Amendment claim.).  Mr. Bingham's allegations that Defendant Directo "failed to remedy" an inchoate harm do not state an Eighth Amendment claim.  Further, Mr. Bingham's claim may not be predicated on negligence.  *Woodward*, 977 F.2d at 1399-1400. Defendant Directo is properly dismissed from Mr. Bingham's Eighth Amendment claim for failure to allege personal participation and failure to state a claim against him for which relief can be granted.

Defendant Moore argues that Mr. Bingham's claims against him must be dismissed for failure to allege the requisite personal participation.  Mr. Bingham alleges that Defendant Moore "is the CDOC Inmate Relocation [D]irector of Offender Services."  (*See* Doc. # 36 at p. 5 of 19, ¶ 13).  While Mr. Bingham does not name Defendant Moore in Count One, he alleges that Defendant Moore "was contacted by Lt. Kochev[a]r and told that Plaintiff could only be placed in 2 facilities . . . ."  (*See id.*).  Mr. Bingham alleges that Defendant Moore "was contacted by Plaintiff's State Public Defender" and "Plaintiff's family" member and "told of the very real threat."  (*See id.*).  Mr. Bingham alleges that Defendant Moore transferred him to the Arkansas Valley Correctional Facility ("AVCF"), later transferred to AVCF two inmates who were involved in a previous assault on him at FCF, and then transferred him to SCF where he claims there was "a standing order since 2003" that he could not be placed.  (*See id.*).  Again, the court concludes that in addition to failing to allege the requisite personal participation of Defendant Moore, Mr. Bingham fails to state a plausible claim for relief against Defendant Moore.

Mr. Bingham alleges no facts that he was subject to a specific threat of harm or that Defendant Moore knew of any specific risk and disregarded it.  Mr. Bingham's allegations of subjective fear of a general threat to his safety fail to support a claim for deliberate indifference to an excessive risk to his safety by Defendant Moore.  Mr. Bingham merely alleges that two weeks after he was transferred to AVCF, two other unidentified inmates who had been involved in the previous assault were transferred to AVCF.  Mr. Bingham

13

alleges that he was then transferred to a different facility.  Mr. Bingham has not alleged that any injury occurred to him at AVCF or SCF.  Mr. Bingham's allegations fail to support a claim against Defendant Moore for any constitutional violation.  Mr. Bingham's own allegations indicate that Defendant Moore transferred him to SCF in order to separate him from the two individuals who were transferred to AVCF.  Mr. Bingham's allegations are insufficient to state a claim that Defendant Moore knew of an objectively serious risk of harm to him and acted with deliberate indifference to that risk of harm.  Mr. Bingham's allegations that Defendant Moore was deliberately indifferent to an inchoate harm do not state an Eighth Amendment claim.

2.      Failure to State a Claim for Relief against Defendant Lane

Defendant Lane argues that Mr. Bingham fails to state a claim upon which relief can be granted against her for violation of the Eighth Amendment.  Mr. Bingham names Defendant Lane only in his Count Two, entitled "Failure to Administer Adequate Medical Remedy."  (*See* Doc. # 36 at p. 11 of 19).  Mr. Bingham alleges that Defendant Lane "is a Mental Health Worker" at SCF.  (See Doc. # 36 at p. 8 of 19, ¶ 19).  Mr. Bingham alleges that when he met with Defendant Lane on one occasion, "she claimed to know nothing of plaintiff's past suicide attempt."  (*See id.*).  Mr. Bingham claims the Defendant Lane "[e]xercised deliberate indifference" based solely on his allegation that she asked him "if he felt suicidal at that moment" and when he responded "no", she did not "attempt to help, explore or treat" him.  (*See id.*).

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody.  *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) ("[D]eliberate indifference to

serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal quotation marks and citation omitted).   An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component."   *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

"Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension."   *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted).   Under the subjective inquiry, the defendant must have acted with the culpable state of mind known as "deliberate indifference." *Farmer*, 511 U.S. at 834.   An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.   To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th cir. 1999) (quoting *Farmer*, 511 U.S. at 847).   The level required to make out a claim for deliberate indifference is "more blameworthy than negligence," requiring "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835.

First, the court assumes without specifically deciding that Mr. Bingham's allegation of a past suicide attempt implicates a serious medical need for purposes of the objective component of an Eighth Amendment claim. *See Scarver v. Litscher*, 371 F. Supp. 2d 986, 999 (W.D. Wis. 2005) ("It is well-settled that suicide is an objectively serious harm.") (citations omitted).   Second, the court determines that Mr. Bingham has not adequately pled that Defendant Lane acted with deliberate indifference. Mr. Bingham's allegations that Defendant Lane was unaware of his prior suicide attempt and did not "attempt to help, explore or treat" him in response to his statement that he did not feel suicidal does not state

15

a claim for deliberate indifference.  *See Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless") (citations omitted).

Mr. Bingham alleges merely his disagreement with Defendant Lane's actions or inactions at the time he met with her.   The lack of treatment or whether a course of treatment is appropriate "is a classic example of a matter for medical judgment," that is insufficient to sustain a claim under the Eighth Amendment.   *Estelle*, 429 U.S. at 107 (noting that medical decision to forego one form of treatment may be negligence but is not a constitutional violation).   *See also Perkins v. Kansas Dept. Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (disagreement with medical personnel "does not give rise to a claim for deliberate indifference to serious medical needs");   *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("[a] difference of opinion does not support a claim of cruel and unusual punishment");   *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation).

To the extent that Mr. Bingham alleges that the treatment he received from Defendant Lane was improper (*see* SAC at p. 8 of 19 (she "did not attempt to help, explore or treat the plaintiff")), such allegation does not rise beyond mere negligence. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."   *Green*, 108 F.3d at 1303 (internal quotation marks and citation omitted).   *See also Self*, 439 F.3d at 1234 ("a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim.").

Further, Mr. Bingham's allegations are too vague and conclusory to state a claim upon which relief can be granted.  His single general conclusory allegation that Defendant Lane "[e]xercised deliberate indifference to plaintiff's condition" (*see* Doc. # 36 at p. 11 of

19 ¶ 43) is not adequate to state a claim that she was deliberately indifferent to his medical treatment.  *See Jones v. Natesha*, 151 F. Supp. 2d 938, 944-45 (N.D. Ill. 2001) ("It is not enough for a plaintiff to aver a single, conclusory allegation that the defendants' conduct was deliberately indifferent to the plaintiff's constitutional rights.") (internal quotation marks and citation omitted).  For these reasons, Mr. Bingham's claim against Defendant Lane is properly dismissed.

3.     Failure to State a Claim for Relief for Retaliation

In his third claim, "Count Three: Retaliatory Treatment for Filing Section 1983 Claim and for Filing Appeal and Grievances," Mr. Bingham alleges that he was retaliated against by Defendants Zavaras, Moore, and Milyard for filing grievances and the instant action.

"[G]overnment action which chills constitutionally protected speech or expression contravenes the First Amendment."  *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996). Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted).  However, "an inmate is not inoculated from the normal conditions of confinement . . . merely because he has engaged in protected activity."  *Id.*, 149 F.3d at 1144.

To establish a First Amendment retaliation claim, a prisoner must demonstrate that: "(1) he engaged in protected activity; (2) he suffered an adverse action; and (3) a causal connection exists between the protected activity and the adverse action."  *Escobar v. Reid*, 668 F. Supp 2d 1260, 1275-76 (D. Colo. 2009) (citation omitted).  "A prisoner claiming retaliation for exercising First Amendment rights must show that a retaliatory motive was the but-for cause of the challenged adverse action."  *Strope v. Cummings*, 382 Fed. Appx. 705, 710 (10th Cir. June 11, 2010) (citing *Peterson*, 149 F.3d at 1144 ("[A] plaintiff must

prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place.") (internal quotation marks and citation omitted). The inmate must make this showing by pleading specific facts demonstrating the causal connection. *Peterson*, 149 F.3d at 1144. "[I]t is imperative that [a] plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

Mr. Bingham's allegations are too vague and conclusory to state a claim for unconstitutional retaliation. Mr. Bingham fails to adequately allege his protected activity. He does not allege any specific grievance or appeal or the dates of any such grievance or appeal. He does not allege that any of the Defendants knew of the grievances or were aware that he filed this civil action. He does not allege on what dates the Defendants became aware of his lawsuit. He alleges retaliation for the filing of this lawsuit, based on events that pre-date the filing of the lawsuit by several months. He has not adequately alleged any temporal relationship between his protected conduct and the alleged adverse actions taken by Defendants. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (inmate must "allege a chronology of events from which retaliation may plausibly be inferred") (citation omitted). Mr. Bingham fails to allege facts to support retaliation as the but-for cause of his transfers or his job assignments in the laundry or the kitchen. As Mr. Bingham fails to adequately allege retaliation by Defendants for constitutionally protected activity, Count Three is properly dismissed.

4.    Qualified Immunity

To the extent that Mr. Bingham is suing Defendants Zavaras, Timme, Directo, Moore, Milyard, and Lane in their individual capacities, these Defendants raise the defense

of qualified immunity.   Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*  As the court has concluded in this Recommendation that Mr. Bingham fails to state a claim for violation of a constitutional right by Defendants Zavaras, Timme, Directo, Moore, Milyard, or Lane, these Defendants in their individual capacities are entitled to qualified immunity from Mr. Bingham's claims.  *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

Accordingly, IT IS RECOMMENDED that the "Motion to Dismiss" filed by Defendants Zavaras, Timme, Directo, Milyard, Moore, and Lane on September 17, 2010 (Doc. # 76) be GRANTED and that:

1.     Defendants Zavaras, Timme, Directo, Moore, Milyard, and Lane in their official capacities be dismissed from this civil action.

2.     Defendants Zavaras, Timme, Directo, Moore, and Milyard in their individual capacities be dismissed from this civil action for lack of personal participation.

3.     Defendants Zavaras, Timme, Directo, Moore, Milyard, and Lane be dismissed

from this civil action for failure to state a claim for which relief can be granted against them.

4.      No Defendants remaining in Count Two, Count Two be dismissed.  (*See* "Order to Dismiss in Part and to Draw in Part" (Doc. # 41) (dismissing Defendant Robinson)).

5.      Count Three be dismissed.

6.      This civil action proceed on Count One against Defendants Kochevar, Stodghill, Martin, and Aultman, who filed their Answer to the Second Amended Complaint on September 17, 2010.  (*See* Doc. # 75).


**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus*

*Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 20th day of April, 2011.

BY THE COURT:


_____s/Craig B. Shaffer_____
United States Magistrate Judge