**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:10-cv-00604-DME-CBS

MICHAEL WAYNE BINGHAM,

       Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director, CDOC,
WARDEN TIMME, FCF,
LT. KOCHEVER,
LT. DIRECTO,
SGT. MARTIN,
SGT. STOGHILL,
JIM MOORE,
WARDEN MILYARD,
C/O CLINTON AULTMAN, and,
JANEEN LANE,

       Defendants.

**ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on a Motion to Dismiss filed by Defendants Zavaras, Timme, Directo, Moore, Milyard, and Lane (Doc. 76), Magistrate Judge Shaffer's Recommendation (Doc. 105), and Plaintiff Bingham's objections to that recommendation (Doc. 106).  Magistrate Judge Shaffer recommended that Bingham's claims against these defendants be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Bingham objected to that recommendation.  Having made "a de novo determination of those portions of the report . . . [and] recommendations to which objection is

made" as required by 28 U.S.C. § 636(b)(1)(C), the Court overrules Bingham's objections and adopts the Recommendation of United States Magistrate.

In his objections, Bingham also requested the removal of Magistrate Judge Shaffer. Because of Bingham's pro se status, this Court will construe that as a motion to recuse Magistrate Shaffer under 28 U.S.C. § 455. (Doc. 106 at 1.) In support of this motion, Bingham states that "Magistrate Shaffer has acted as an advocate for the defendant(s) and Attorney General's Office." (Id.) Bingham also claims that he "believe[s] Magistrate Shaffer to be BIAS." (Id.) The Court disagrees.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In applying § 455(a), the magistrate's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the magistrate's impartiality. Nichols v. Alley, 71 F.3d 347, 350–51 (10th Cir. 1995); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). This standard is purely objective, and this Court's inquiry is limited "to outward manifestations and reasonable inferences drawn therefrom." Nichols, 71 F.3d at 350–51. In applying this test, the Court initially inquires "whether a reasonable factual basis exists for calling the judge's impartiality into question. Cooley, 1 F.3d at 993.

The Court concludes that no factual basis exists for calling Magistrate Shaffer's impartiality into question. Bingham presented only his personal speculation that Magistrate Shaffer is biased. And recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir.

1986). Further, to the extent that Bingham's request is based upon Magistrate Shaffer's recommendation, the mere fact that a magistrate judge rules adversely to a litigant does not establish prejudice or bias. Cf. United States v. Gigax, 605 F.2d 507, 511–14 (10th Cir. 1979) (concluding that a judge who expressed his opinions and concerns about a defendant's legal arguments was not required to recuse himself under § 455), overruled on other grounds by United States v. Lang, 364 F.3d 1210, 1216 n.3 (10th Cir. 2004). Therefore, the allegations do not rise to the level of bias under § 455(a).

In conclusion, the Defendants' Motion to Dismiss is GRANTED, Bingham's motion to recuse Magistrate Shaffer is DENIED, and the Court ORDERS as follows:

1. Defendants Zavaras, Timme, Directo, Moore, Milyard, and Lane in both their official and individual capacities are dismissed from this action.
2. Because no defendants remain in either Count Two or Count Three, Count Two and Count Three are dismissed.
3. Count One, however, will proceed against Defendants Kochevar, Stoghill, Martin, and Aultman.

Dated this ____1st____ day of _____July___, 2011.

BY THE COURT:

*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE