IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00604-DME-CBS

MICHAEL WAYNE BINGHAM,
    Plaintiff,
v.

LT. KOCHEVER,
SGT. MARTIN,
SGT. STOGHILL, and
CLINTON AULTMAN,
    Defendants

---

**ORDER**

---

Magistrate Judge Craig B. Shaffer

    This civil action is before the court on Mr. Bingham's "Motion to Recuse and Disqualify Magistrate Judge Shaffer" (filed September 21, 2011) (Doc. #128). Pursuant to the Order of Reference dated November 10, 2010 (Doc. #79) this matter has been referred to the Magistrate Judge. The court has reviewed the pending Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Bingham moves for recusal of the Magistrate Judge under 28 U.S.C. § 144 and 28 U.S.C. § 455 based on Magistrate Judge Shaffer's alleged "personal bias and prejudice against the Plaintiff." Plaintiff's Motion (Doc. #128). Plaintiff has previously requested that Magistrate Judge Shaffer be disqualified. *See* Plaintiff's Objection to Recommendation (Doc. #106 at pp. 1-4 of 20). This initial request for recusal was denied by Judge Ebel. *See* Order (Doc. 114 at p. 2-3 of 3) ( "The Court concludes that no factual basis exists for calling Magistrate Shaffer's

1

impartiality into question. Bingham presented only his personal speculation that Magistrate Shaffer is biased.").

In his current Motion, Mr. Bingham seeks to disqualify Magistrate Shaffer from "presiding in any part of the negotiation's, any part of this Civil Action, or at the trial of the Civil Action [sic]." Decisions on recusal are "committed to the sound discretion of the judge," and "[t]here is as much obligation for the judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 938-39 (10th Cir. 1987).

### I. 28 U.S.C. § 144

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144 requires the party seeking recusal to file a timely affidavit detailing the alleged bias and prejudice. *Glass v. Pfeffer*, 849 F.2d 1261, 167 (10th Cir. 1988) ("The affidavit is insufficient if it merely states conclusions, rumors, beliefs and opinions; it must 'state with required particularity the identifying facts of time, place, persons, occasion, and circumstances.'") (quoting *Hinman*, 831 F.2d at 939). Although the court must accept the truth of the facts alleged in the supporting affidavit, the affidavit is to be strictly construed against the party seeking recusal. *Glass*, 849 F.2d at 1267.

The court concludes that Mr. Bingham's allegations are insufficient to warrant recusal under § 144. Mr. Bingham's motion was not supported by an affidavit, and contains no identifying facts to support his conclusory accusations. Mr. Bingham states that "Magistrate Shaffer acts as if he is the defendant(s) personal counsel." However, the Motion does not articulate specific instances of this alleged behavior, nor does it detail how the Magistrate's alleged actions demonstrate bias or prejudice. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (recusal is not required based on "the mere fact that a judge has previously expressed an opinion on a point of law").

## II. 28 U.S.C. § 455

28 U.S.C. §455 provides:

(a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;[1]

Section 455 provides a broader scope for claims of bias and prejudice. *Glass*, 849 F.2d at 1268. Under § 455(a) a judge must disqualify himself if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman*, 831 F.2d at 938. However, recusal is not required based "upon the merest unsubstantiated suggestion of personal bias or prejudice," and the statute is not "intended to bestow veto power over judges or to be

---

[1] 28 U.S.C. §455(b)(2)-(5) provide other instances where recusal must occur because of a prior or existing relationship between the presiding judge and the parties, or the judge's prior or current interests in the matter before the court. Here, the Motion before the court does not raise any such allegations, therefore the court will not address these sections of the statute.

3

used as a judge shopping device." *See Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986); *see also United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994).  Section 455(b) differs from 455(a) in that it narrows the scope of recusal from actions where there may be the appearance of partiality, to those where there is an showing of actual bias or prejudice.  *See Nichols v. Alley*, 71 F.3d 347, 351 n.1 (10th Cir. 1995).

Mr. Bingham's Motion demonstrates neither actual bias, nor provides a basis for which a reasonable person would doubt Magistrate Shaffer's impartiality.  In fact Mr. Bingham's terse Motion provides only conclusory accusations and no "relevant facts" from which the court could find a reasonable person would perceive bias or prejudice.  Mr. Bingham states that Magistrate Shaffer has "personal bias and prejudice," but provides no evidence in support of this contention. *See* Plaintiff's Motion (Doc. #128).  Mr. Bingham contends that "Magistrate Shaffer could not, and can not proside [sic] in any capacity with the Civial Action [sic] with the required degree of detached impartiality."  However, not only is this a conclusory statement unsupported by evidence, but Mr. Bingham fails to even articulate the basis for his conclusion.  As such conclusory statements fall well short of the requirements of § 455, recusal is properly denied.

Accordingly, IT IS ORDERED that Mr. Bingham's "Motion to Recuse and Disqualify Magistrate Judge Shaffer" (filed September 21, 2011) (Doc. #128) is DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of a Magistrate Judge's order, any party may serve and file written objections to the order. Fed. R. Civ. P. 72(a). "A judge of the court may

reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Failure to make timely objections to the Magistrate Judge's order(s) may bar review by the District Judge and will result in a waiver of the right to appeal. *See* Fed. R. Civ. P. 72(a) ("a party may not assign as error a defect in the order not timely objected to"); *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (failure to object to Magistrate Judge's order "strips us of jurisdiction to review the challenged order") (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("[p]roperly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under 28 U.S.C. § 636(b)(1)(A)")); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004) ("If the parties fail to make timely objection, they 'waive[ ] appellate review of both factual and legal questions.' ") (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

DATED at Denver, Colorado, this 8th day of November, 2011.

BY THE COURT:

　　/s/Craig B. Shaffer　　
United States Magistrate Judge