IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00604-DME-CBS

MICHAEL WAYNE BINGHAM,

        Plaintiff,

v.

LT. KOCHEV[A]R,
SGT. MARTIN,
SGT. STO[D]GHILL, and
C/O CLINTON AULTMAN,

        Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Wayne Bingham, proceeding pro se, is a prisoner currently incarcerated at the Sterling Correctional Facility of the Colorado Department of Corrections ("CDOC"). He brought a four-count complaint under 42 U.S.C. § 1983 against various CDOC officials in connection with events that occurred while he was incarcerated at CDOC's Fremont Correctional Facility. (Doc. 36 (Second Amended Complaint).) This Court previously dismissed several defendants from the case and dismissed Counts Two and Three. (Docs. 41, 114.)

This matter is now before the Court on a Motion for Summary Judgment on all remaining claims, filed by remaining Defendants Kochevar, Martin, Stodghill, and Aultman (Doc. 136), Plaintiff's Response to that motion (Doc. 142), Defendants' Reply (Doc. 143), Magistrate Judge Craig B. Shaffer's Recommendation (Doc. 147) regarding that motion, and Plaintiff's "Request for Status" (Doc. 148). Plaintiff filed no objections to the Magistrate Judge's Recommendation,

and the time to do so has passed.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Magistrate Judge Shaffer recommends that summary judgment be entered in favor of all Defendants on all claims, on three grounds: (1) Plaintiff's failure to exhaust administrative remedies with respect to his Eighth Amendment claims, as required by the Prison Litigation Reform Act of 1996; (2) Plaintiff's failure to establish that any constitutional violation occurred under either the Eighth or Fourteenth Amendments; and (3) Defendants' entitlement to qualified immunity.  The Court ADOPTS the Magistrate Judge's Recommendation.

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "genuine dispute" is one that could be resolved in favor of either party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  And a "material fact" is one that might reasonably affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A movant who will not bear the burden of proof at trial must show that there is an absence of a genuine fact issue.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Once this showing is made, the non-movant may not rely solely on the allegations in the pleadings, but instead must, whether by "affidavits, or by depositions, answers to interrogatories, [or] admissions on file, designate specific facts showing that there is a genuine issue for trial."  Id. at 324 (internal quotation marks omitted).

Upon receiving a magistrate judge's recommendation for disposition of a dispositive motion, the district court may accept, reject, or modify the recommended disposition.  See Fed. R. Civ. P. 72(b)(3).  A party's failure to object to a magistrate judge's recommendation may result in waiver of the right to challenge the recommendation.  See United States v. One Parcel

of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); see also Vega v. Suther, 195 F.3d 573, 579–80 (10th Cir. 1999) (applying the firm waiver rule in the appellate context). But see Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005) (firm waiver does not apply on appeal when (1) a pro se litigant was not informed of the timeframe for objection and the consequences of failure to object, or (2) the interests of justice require review). Here, Magistrate Judge Shaffer's Recommendation clearly informed Plaintiff of the timeframe for objection and the consequences of failure to object. See Doc. 147 at 24-25.

"In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991). Having "satisf[ied] itself that there is no clear error on the face of the record," Fed. R. Civ. P. 72 advisory committee's note, the Court adopts the Magistrate Judge's thorough and well-reasoned Recommendation.

Specifically, the Court agrees with the Magistrate Judge that Plaintiff has failed to create a genuine dispute as to any of the following material facts: (1) whether Plaintiff exhausted administrative remedies on his Eighth Amendment claims; (2) whether Plaintiff faced an objectively excessive risk to his safety; (3) whether any Defendant knew of and disregarded a substantial risk to Plaintiff's safety; or (4) whether Defendant Aultman used pepper spray maliciously and sadistically to cause harm to Plaintiff. Further, the Court agrees with the Magistrate Judge that Plaintiff's disciplinary proceedings implicated no liberty interest protected by the Fourteenth Amendment. Finally, because Plaintiff has not made out any constitutional

violation with respect to either remaining count, the Court agrees with the Magistrate Judge that Defendants are entitled to qualified immunity.

IT IS THEREFORE ORDERED THAT:

1. The Magistrate Judge's Recommendation is ADOPTED IN FULL.
2. Defendants' Motion for Summary Judgment (Doc. 136) is GRANTED.
3. Plaintiff's Request for Status (Doc. 148) is DENIED as moot.
4. This action is DISMISSED with prejudice.

Dated this   6th   day of    July   , 2012.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE